**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 91-3103
_____


BRUCE SMITH,
Husband of/and TERESA SMITH,

Plaintiffs,

VERSUS

PENROD DRILLING CORP., et al.,

Defendants.

* * * * * * * * *

CHEVRON U.S.A., INC.,

Third-Party
Plaintiff-Appellee,


VERSUS

CERTAIN UNDERWRITERS AT LLOYD'S LONDON
and Various Insurers,

Third-Party
Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(May 29, 1992)

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion April 30, 1992, 5th
Cir., 1992, ___ F.2d ____)

Before POLITZ, Chief Judge, SMITH, Circuit Judge, and FITZWATER,[*] District Judge.

PER CURIAM:

We make the following modifications to the panel opinion, neither of which affects the result:

The first paragraph of part II.B is modified to read as follows:

> Deciding whether the contract at issue is a maritime contract fortunately does not require us to traverse the now-familiar maze of cases interpreting similar contracts. In _Theriot v. Bay Drilling Corp._, 783 F.2d 527 (5th Cir. 1986), we stated that "[a] principal determinant is the relation the contract bears to the ship ...." (Internal quotation omitted.) Noting that in _Theriot_ "the main piece of equipment to be supplied by [the contractor] was a vessel," we held that "[t]he contract thus focused upon the use of a vessel in a maritime transaction and is a maritime contract governed by maritime law." _Id._ In _Lewis_, 898 F.2d at 1086, we opined that "[t]he court's conclusion in _Theriot_ that the contract 'focused upon the use of a vessel', _i.e._ the drilling barge identified in an exhibit to the contract, inescapably leads to the same conclusion in this case." We reach the same result in the case _sub judice_.

The third paragraph of part II.B is modified to read as follows:

### 1) Provisions of Work Order

> The original contract was for drilling services, and the specific agreement was for workover operations of wells, primarily from, and with the use of, the vessel furnished by the contractor pursuant to the agreement. The contract "focused upon the use of a vessel," _Theriot_, 783 F.2d at 539, and thus, in this case, is maritime.

---

[*] District Judge of the Northern District of Texas, sitting by designation.

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.